IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIAM NOBLE RARE JEWELS, L.P., | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:18-CV-01566-N |
| SKY GLOBAL L.L.C. & RYAN RICH, | § § § | |
| Defendants. | § | |

# MEMORANDUM OPINION AND ORDER

This Order addresses Defendants Sky Global L.L.C. and Ryan Rich's (collectively, "Defendants") motions to dismiss [4], [11]. The motions are based on two different grounds: (1) the Texas Citizens Participation Act ("TCPA") [11], and (2) Federal Rule of Civil Procedure 12(b)(6) [4]. For the reasons below, the Court denies Defendants' TCPA motion, but grants Defendants' Rule 12(b)(6) motion.

## I. ORIGINS OF THE DISPUTE

Plaintiff William Noble Rare Jewels owned three very rare, very valuable stones: the Yellow Rose, the Blue, and the Pink. Its owners approached Defendants to help find a buyer with sufficiently deep pockets. Defendants agreed, and the parties entered into a contract that guaranteed Defendants a cut of the profits if they found a buyer for the stones. Defendants never found a buyer, but they did identify a number of prospects. Plaintiff maintains that Defendants did so in bad faith, shopping the stones around excessively to illegitimate

prospects in hopes of devaluing the stones so they would be easier to sell. Plaintiff argues that this behavior amounts to breach of contract, tortious interference, and fraud under Texas law. Defendants now move to dismiss these claims under the TCPA, and Rule 12(b)(6).

## II. THE COURT DENIES DEFENDANTS' TCPA MOTION

The TCPA allows for a defendant to dismiss a suit if it "is based on, relates to, or is in response to a party's exercise of the right to free speech, right to petition, or right of association." *NCDR L.L.C. v. Mauze & Bagby, P.L.L.C.*, 745 F.3d 742, 746 (5th Cir. 2014) (citing TEX. CIV. PRACTICE & REM. CODE §27.003(a)). The Court holds that the TCPA does not apply in federal court, and therefore does not reach the merits of Defendants' TCPA claim.

Whether the TCPA applies in federal court is an "important and unresolved issue" in the Fifth Circuit. *Block v. Tanenhaus*, 867 F.3d 585, 589 (5th Cir. 2017). On three occasions, the Fifth Circuit has said it assumes the law applies but has refrained from actually deciding the issue.[1] District courts are conflicted on the issue. Under *Erie Railroad Company v. Tompkins*, 304 U.S. 54 (1938) and its progeny, courts must do a three-step inquiry to determine if a state law is applicable in federal court: (1) determine if the law is

---

[1] *Diamond Consortium Inc. v. Hammervold*, 773 Fed. Appx. 151, 154 n.3 (5th Cir. 2018) (assuming the TCPA applies in federal court because (a) the parties did not raise the issue, and (b) it was a moot point because the law did not apply to the claims for different reasons); *Cuba v. Pylant*, 814 F.3d 701, 706 n.6 (5th Cir. 2016) (assuming the TCPA applied based on an earlier holding in *Henry v. Lake Charles American Press, L.L.C.*, 566 F.3d 164 (5th Cir. 2009) that a similar Louisiana statute applied in federal court); and *NCDR*, 745 F.3d at 752 (assuming the TCPA applies because the party waived any argument regarding its applicability).

procedural or substantive in nature; (2) if it is substantive, determine whether it conflicts with federal procedural rules; and (3) if it does not, evaluate whether it serves *Erie's* twin aims of discouraging forum-shopping and avoiding inequitable administration of the laws. *All Plaintiffs v. All Defendants*, 645 F.3d 329, 333-36 (5th Cir. 2011).

The Southern and Eastern Districts of Texas have concluded the TCPA does apply under *Erie*. *Williams v. Cordillera Commc'ns.*, 2014 WL 2611746 at *1 (S.D. Tex. June 11, 2014); *Walker v. Beaumont Indep. Sch. Dist.*, 2016 WL 6666828 at *4 (E.D. Tex. Mar. 11, 2016) (citing *Williams*, 2014 WL 2611746). As the Southern District explains:

> The TCPA is procedural in that it has specific time constraints, places a stay on discovery, and requires an expedited decision with [an] accelerated appellate process . . . . However, the these procedural features are designed to prevent substantive consequences—the impairment of First Amendment rights and the time and expense of defending against litigation that has no demonstrable merit under state law regarding defamation.

*Id.*[2]

The Western District has gone the other way, leaning on two points from the dissent in *Cuba*. *Rudkin v. Roger Beasley Imports, Inc.*, 2017 WL 6622561 at *2 (W.D. Tex. Dec. 28, 2017). First, it holds that the TCPA is procedural in nature because "it is codified in the Texas Civil Practice and Remedies Code, provides for a pre-trial motion to dismiss . . . establishes time limits . . . grants a right to appeal . . . and authorizes the award of attorney fees." *Id.* (quoting *Cuba*, 814 F.3d at 720). Even if the TCPA were substantive, however,

---

[2] The Southern District also relied on the Fifth Circuit's holding in *Henry* that a similar Louisiana law applied under *Erie* because it was "nominally procedural." 566 F.3d at 169.

the Western District argues the law would still not apply because it conflicts directly with Rule 12(b)(6)'s lenient plausibility standard and Rule 56(a)'s summary judgment standard. *Id.*

The Court agrees in part with the Western District. Even assuming that the TCPA is substantive in nature, the law clearly conflicts with Rules 12(b)(6) and 56(a). The TCPA requires evidence of a claim to be "unambiguous, sure, or free from doubt." *In re Lipsky*, 460 S.W.3d 579, 590 (Tex. 2015). Under Rule 12(b)(6), evidence of a claim merely needs to be "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Indeed, not even the more stringent Rule 56(a) requires evidence showing that the claims are in fact true. FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In addition, while Rule 12 calls for review of a claim prior to discovery, the TCPA allows for specified and limited discovery relative to the motion." TEX. CIV. PRACTICE & REM. CODE §27.006(b). The Southern District did not analyze these conflict in *Williams*—nor did the Fifth Circuit in *Henry*. The Court finds them to be dispositive. Accordingly, it declines to apply the TCPA under *Erie* and denies Defendants' motion to dismiss under the TCPA.

### III. THE COURT GRANTS DEFENDANTS' RULE 12(B)(6) MOTION

When considering a Rule 12(b)(6) motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Plaintiff fails to do so on any of its theories.

First, Plaintiff's claim for breach of contract fails under Texas law. A "'breach of contract . . . only occurs when a party fails or refuses to perform an act that it expressly

promised to do.'" *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 995 F. Supp. 2d 587, 602 (N.D. Tex. 2014) (quoting *Gonzales v. Columbia Hosp. at Med. City Dall. Subsidiary L.P.*, 207 F. Supp. 2d 570, 575 (N.D. Tex. 2002)). Indeed, Plaintiff must "identify a specific provision of the contract that was allegedly breached." *Id.* Plaintiff argues that Defendants breached their contract by bringing forth a slew of "illegitimate" buyers. Pl.'s Resp. to Defs.' Mot. to Dismiss Pl.'s Compl. and Br. in Supp. 7 [14] ("Resp."). But the only express agreement Plaintiff points to concerns profit sharing: an "agreement with Defendant that if Defendant found a buyer for some of Plaintiff's gems, that [the parties] would split the profits from the sale." Resp. 6-7. At no point does Plaintiff allege Defendant expressly agreed to bring forth only prospective buyers Plaintiff deems legitimate. Accordingly, Plaintiff's breach of contract claim fails as a matter of law.

Plaintiff's tortious interference claim is also untenable. Tortious interference requires plaintiffs to "plead facts that identify a specific customer with whom it had a specific contract with which the defendant interfered." *Ryan L.L.C. v. Inspired Dev. L.L.C.*, 2013 WL 12137012 at *7 (N.D. Tex. July 18, 2013). The closest Plaintiff gets to identifying a particular customer is alleging that it had the "exclusive right" to sell the Yellow Rose and that the Defendants "cost them the opportunity" to sell the Pink. Resp. 8. This falls well short of the level of specificity Texas law requires. Thus, Plaintiff's tortious interference claim fails.

Lastly, Plaintiff's fail to make out a plausible fraud claim because its allegations do not satisfy the heightened pleading requirements in Federal Rule of Civil Procedure 9(b).

Plaintiff must state "[a]t a minimum, the 'who, what, when, where, and how' of the fraud." *In re Parkcentral Glob. Litig.*, 884 F. Supp. 2d 464, 470 (N.D. Tex. 2012) (quoting *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997)). Plaintiff does name several individuals it claims the Defendants reported to be potential buyers. Pl.'s Original Pet. ¶¶ 8-18 [1-C1]. But it also provides no quotes or documentation of the Defendants' representations, no suggestion of how the representations were made outside of one mention of an allegedly fraudulent bill of sale, and an incredibly vague timeline. *Id.* In short, while it may have provided the "who," it failed to provide sufficient indication of the "what, when, where, and how" required under Rule 9(b).[3] Accordingly, the Court holds Plaintiff failed to make out a plausible fraud claim.

## CONCLUSION

The Court denies Defendants' motion to dismiss under the TCPA [11]. However, the Court grants Defendants' motion to dismiss under Rule 12(b)(6) [4]. Plaintiff's claims are dismissed without prejudice. Plaintiff has thirty (30) days to file an amended complaint, if it believes it can cure the deficiencies identified in this Order. If Plaintiff does not timely file an amended complaint, the Court will enter judgment dismissing this action with prejudice without further notice.

---

[3] This deficiency aside, Plaintiff also does not make clear how any of the Defendants' representations actually constitute fraud. The Court does not see how a potential buyer not following through on the sale makes the Defendants' report of a potential buyer a misrepresentation. Identifying a potential buyer is not the same as reporting that someone has actually agreed to buy the stone.

Signed February 25, 2019.

_____
David C. Godbey
United States District Judge