IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIAM NOBLE RARE JEWELS, LP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:18-CV-1566-N |
| | § | |
| SKY GLOBAL LLC, | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER

This order addresses Defendant's motion to dismiss for lack of standing, ripeness, and failure to state a claim. Because Plaintiff pled a cognizable injury ripe for adjudication and adequately pled its breach of contract claim, the Court denies the motion.

### I. ORIGINS OF THE DISPUTE

This case arises from a dispute between Plaintiff William Noble Rare Jewels ("Noble") and Defendant Sky Global LLC ("Sky") regarding the marketing of three gem stones: the Yellow Rose, the Blue, and the Pink.[1] Noble owns one of the stones, the Pink, and has a contract with the owner of another, the Yellow Rose, to sell it in exchange for a commission.

Noble and Sky entered an oral agreement that provided Sky would assist in locating a buyer with sufficiently deep pockets. In exchange, Noble agreed to evenly divide profits from any sale with Sky. Sky never found a buyer but did identify several prospects. Noble

---

[1] This discussion is based on the allegations in the Amended Complaint [28], which the Court must accept as true.

ORDER – PAGE 1

maintains Sky did so in bad faith, shopping the stones around excessively to illegitimate prospects in hopes of devaluing the stones so they would be easier to sell. Noble argues this constitutes a breach of contract under Texas law. Sky now moves to dismiss this claim.

## II. THE COURT HAS JURISDICTION OVER THE BREACH OF CONTRACT CLAIM

Sky moves to dismiss under Rule 12, primarily arguing that Plaintiff Noble fails to state a claim. As mandated by Fifth Circuit caselaw, however, the Court first addresses Sky's contention that the Court lacks subject matter jurisdiction under Rule 12(b)(1). *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir.1977) (per curiam)).

### A. Subject Matter Jurisdiction Standard

Federal court subject matter jurisdiction is circumscribed by Article III and requires both constitutional and statutory authorization. U.S. Const. art. III, § 2; *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). A court properly dismisses a case where it lacks the constitutional power to decide it. *Home Builders Ass'n of Miss., Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998).

A Rule 12(b)(1) movant may challenge subject matter jurisdiction through either a facial attack, which challenges the sufficiency of the pleadings through a Rule 12(b)(1) motion, or a factual attack, which provides evidentiary materials in addition to the motion. *Rodriguez v. Tex. Comm'n on the Arts*, 992 F. Supp. 876, 878 (N.D. Tex. 1998). The Court accepts as true all allegations and facts in the complaint where, as here, the motion presents a facial attack. *Ass'n of Am. Physicians & Surgeons, Inc. v. Tex. Med. Bd.*, 627 F.3d 547, 553 (5th Cir. 2010). Plaintiff bears the burden of proof in the Rule 12(b)(1) context, but a

ORDER – PAGE 2

court should grant the motion "only if it appears certain that the plaintiff cannot prove a set of facts in support of his claim that would entitle plaintiff to relief." *Ramming*, 281 F.3d at 161 (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)).[2]

### B. Standing and Ripeness Standards

"Standing and ripeness are required elements of subject matter jurisdiction." *Roman Catholic Diocese of Dallas v. Sebelius*, 927 F.Supp.2d 406, 415 (N.D. Tex. 2013) (Boyle, J.). Sky's motion challenges one of the three requirements for standing, actual injury. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). To establish a cognizable injury, "the plaintiff must have suffered an injury in fact — an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Id.* at 560 (citations omitted). Sky also contends that Noble's claim fails for lack of ripeness, a related temporal requirement. "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (citation and internal quotation marks omitted).

### C. The Court Has Subject Matter Jurisdiction

The Court finds Noble has established both actual injury and ripeness. Noble alleges it owns at least one of the stones and has a contract giving it the right to commission

---

[2] Although the Supreme Court has abrogated this standard in the Rule 12(b)(6) context, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), courts still use this verbiage in the Rule 12(b)(1) context.

from the sale of another. Taken as true, the allegation that Sky diminished the value of these stones establishes an actual injury.

Sky argues that as "a mere broker of the Jewelry, any injury [Noble] might suffer…will occur if, and only if, the Jewelry is sold at a diminished price." Mem. Supp. Def.'s Mot. Dismiss 9 [30]. While a sale at diminished value would constitute proof of Noble's loss, a sale is not necessary to establish that Noble's property interest — the value of its right to commission — has decreased. Noble alleges that its contract with the Yellow Rose owner gives it the right to any sale amount above the diamond's wholesale value. Am. Compl. 2 [28]. The alleged decrease to the stone's "value," assuming the pleadings indicate market value, diminishes the value of Noble's right to commission because the margin between wholesale and market value decreases. It is possible, as Sky argues, that the decrease in value is temporary, but this is not subject to determination on a motion to dismiss.

Noble's allegations are similarly sufficient to satisfy Article III's ripeness requirement. Noble has alleged a concrete injury, and this dispute does not appear speculative on the face of the complaint. Accordingly, the Court finds that Noble established standing and that its claim is ripe for adjudication.

### III. THE COURT DENIES THE MOTION TO DISMISS

#### A. *Rule 12(b)(6) Legal Standard*

When addressing a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). A viable complaint must include "enough facts to state

a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this standard, a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). But a court does not "accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.

### B. *Noble States a Breach of Contract Claim*

Texas law requires a plaintiff alleging breach of contract to show: (1) a valid contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) damages to the plaintiff flowing from the breach. *Villareal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 767 (2016). Sky argues that Noble has failed to plead facts sufficient to establish a valid contract, breach, and damages. The Court disagrees.

Sky maintains that Noble did not allege a sufficiently definite contract because the amended complaint left material terms undefined. Mem. Supp. Def.'s Mot. Dismiss 11 [30]. Noble's amended complaint states that there was an oral contract between Noble and Sky and identifies a provision requiring Sky to market to only "established purchasers" with the "means and ability to purchase," which it alleges is an industry standard. Am.

ORDER – PAGE 5

Compl. 3 [28]. Noble further alleges that Sky understood the terms in this provision due to its experience in the industry. Pl.'s Resp. Def.'s Mot. Dismiss 4 [34]. These allegations are enough to plead a valid contract. The Court does not determine on a Rule 12(b)(6) motion whether there are, in fact, industry standards that define the terms in this provision or whether the terms were understood by Sky.

Sky also contends that Noble did not allege a plausible breach, arguing that its mere marketing of the stones cannot constitute breach of an agreement to market and that there is no plausible way to determine the number or type of permissible marketing contacts. Mem. Supp. Def.'s Mot. Dismiss 13 [30]. These arguments are not susceptible to resolution in the context of a Rule 12(b)(6) motion. Noble identified a specific provision limiting Sky's marketing. Am. Compl. 3 [28]. Further, Noble pled facts supporting a reasonable inference that Sky breached this provision, alleging that Sky marketed the stones to illegitimate buyers and that an industry player warned Noble that Sky was engaging in overmarketing. *Id.* at 3–4. This satisfies the Rule 12(b)(6) plausibility standard.

Lastly, Sky argues that damages were not sufficiently alleged because they are speculative and there is no "reliable indicia that the market value of the Jewelry has been reduced by any actions" of the defendant. Mem. Supp. Def.'s Mot. Dismiss 14 [30]. Sky's contentions are appropriate for determination in a Rule 56 motion for summary judgment supported by evidence, not a motion to dismiss. Noble sufficiently pled damages by alleging Sky's breach caused a drop in the value of the stones.

## CONCLUSION

Accordingly, the Court denies Sky's motion to dismiss.

Signed September 6, 2019.

_David C. Godbey_
United States District Judge